UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

BILLY JOE MULLINS,

        Plaintiff,

v.

TODD MOORE et al.,

        Defendants.
_____/

Case No. 1:18-cv-681

Honorable Janet T. Neff

## OPINION

This is a civil rights action brought under 42 U.S.C. § 1983, by a person who is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Ionia Correctional Facility (ICF) in Ionia, Michigan. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Wesley Ludeker, Ethan Bednar, John Wilmer, Unknown Rathbun, Unknown Gessner, and Kevin Bradley. The Court will serve the complaint against Defendant Todd Moore.

**Discussion**

I. Factual Allegations

Plaintiff is presently incarcerated with the (MDOC) at (ICF). At the time he filed his complaint, however, he was detained in the Hillsdale County Jail awaiting trial on two counts of resisting and obstructing a police officer in violation of Mich. Comp. Laws § 750.81(d)(6). Plaintiff sues Hillsdale County Sheriff Department officers who were, apparently, involved in his arrest: Lieutenant Todd Moore; Deputies Wesley Ludeker, Ethan Bednar, John Wilmer, Unknown Rathbun, and Unknown Gessner; and Sergeant Kevin Bradley. Plaintiff complains that the Defendants violated his Fourth and Fourteenth Amendment rights during a search of his home and truck and during his arrest.

Plaintiff raises several challenges to the officers' actions. First, he avers that the Defendants violated his constitutional rights because they were acting in Jackson County, not Hillsdale County, and, thus, were out of their jurisdiction. (Compl., ECF No. 1, PageID.2.) Second, Plaintiff alleges that, during his arrest at a home in Hanover, Michigan, his rights were violated when Defendant Moore smashed Plaintiff's face on the floor three times and searched Plaintiff and Plaintiff's truck without probable cause. (*Id.*) Third, Plaintiff contends that he was falsely charged with resisting and obstructing the police. (*Id.*)

Plaintiff supplements his allegations with the charging document as well as other documents relating to his arrest. In the first count of the felony complaint, Plaintiff was charged with failing to comply with the reasonable orders of Defendant Bednar during the execution of the search warrant. (Felony Complaint, ECF No. 1-2, PageID.10.) In the second count, Plaintiff was charged with resisting and fighting with Defendant Moore as Moore attempted to arrest Plaintiff. (*Id.*)

2

In a subsequent filing, Plaintiff reports that, on June 26, 2018, a Hillsdale County Circuit Court jury found Plaintiff guilty of the first count of resisting and obstructing, but the jury found Plaintiff not guilty on the second count. (Handwritten Statement, ECF No. 5-1, PageID.31.) On July 23, 2018, the trial court sentenced Plaintiff as a habitual offender-fourth offense, Mich. Comp. Laws § 769.12, to a term of imprisonment of 5 to 15 years.[1]

Plaintiff claims that he has lost his family and his personal property as a result of the charges. Plaintiff also notes that he has suffered pain and emotional distress. Finally, Plaintiff contends that he is wrongfully imprisoned.

II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it

---

[1]*See* https://mdocweb.state mi.us/otis2/otis2profile.aspx?mdocNumber=662854. This Court takes judicial notice of the information provided by a search of the MDOC OTIS website with regard to Petitioner. *See, e.g., Carpenter v. Mich. Dep't of Corr. Time Computation Unit*, No. 1:13-cv-313, 2013 WL 1947249, at *1 n.1 (W.D. Mich. May 9, 2013); *Ward v. Wolfenbarger*, 323 F. Supp. 2d 818, 821-22 n.3 (E.D. Mich. 2004).

asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). Plaintiff contends that Defendants have violated his Fourth and Fourteenth Amendment rights.

### III.  Allegations of Wrongful Conduct

A plaintiff must attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764

(6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights); *Griffin v. Montgomery*, No. 00-3402, 2000 WL 1800569, at *2 (6th Cir. Nov. 30, 2000) (requiring allegations of personal involvement against each defendant); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at *1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  There is no mention of Defendants Ludeker, Rathbun, Gessner, or Bradley in the complaint or the documents Plaintiff has attached to the complaint.

Defendants Bednar and Wilmer are also not mentioned in the complaint; however, their names appear in the documents attached to Plaintiff's complaint.  Defendant Bednar was the officer Plaintiff was convicted of resisting.  (Felony Complaint, ECF No. 1-2, PageID.10.)  Defendant Wilmer completed the property form regarding evidence seized from the house in Hanover, Michigan.  (Property Form, ECF No. 1-2, PageID.12.)  Apart from those two references, however, Plaintiff makes no allegations whatsoever about Defendants Bednar and Wilmer.

With regard to these Defendants, the only statement in the complaint that might reflect wrongful conduct is Plaintiff's allegations that the Defendants were acting in Jackson County, not Hillsdale County.  As set forth below, such allegations do not suffice to state a claim under § 1983.  To the extent Plaintiff intended to include these Defendants in some other allegation of wrongdoing, Plaintiff's claims fall far short of the minimal pleading standards under Fed. R. Civ. P. 8 (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  His complaint against Defendants Ludeker, Bednar, Wilmer, Rathbun, Gessner, and Bradley must be dismissed.

5

IV. Acting Outside of Hillsdale County

Plaintiff's claim that one or more of the Defendants acted outside of Hillsdale County—their jurisdiction—and thereby violated Plaintiff's constitutional rights is meritless. The only actions complained of are the execution of a search warrant and Plaintiff's arrest. Section 764.16 of the Michigan Compiled Laws permits private persons to make an arrest where a felony is committed in the person's presence. Mich. Comp. Laws § 764.16. Officers acting outside their jurisdiction enjoy at least that right and, depending on the circumstances, may enjoy other enforcement rights as well. *See People v. Hamilton*, 638 N.W.2d 92 (Mich. 2002); *Bright v. Ailshie*, 641 N.W.2d 587, 590 n.5 (Mich. 2002); Mich. Comp. Laws § 764.2a.[2] The Michigan courts have determined that any extra-jurisdictional limits imposed by Mich. Comp. Laws § 764.2a are not imposed "to protect the rights of criminal defendants, but rather to protect the rights and autonomy of local governments." *People v. Clark*, 450 N.W.2d 75, 77 (Mich. Ct. App. 1989). Therefore, violations of the statute do not require the exclusion of evidence. *Hamilton*, 638 N.W.2d at 97-98. Indeed, a "statutory violation does not render police action unconstitutional." *People v. McCants*, No. 331248, 2018 WL 3440786, at *9 (Mich. Ct. App. July 17, 2018). Similarly, the execution of a search warrant[3] outside of an officer's jurisdictional limits does not raise a constitutional issue where the warrant is supported by probable cause and properly issued. *People v. Zackery*, No. 292619, 2010 WL 3718830 (Mich. Ct. App., Sept. 23, 2010).

V. Search of Plaintiff's Person and Vehicle Upon Arrest

Searches of a person or vehicle incident to a lawful arrest are an exception to the Fourth Amendment's requirement for a warrant supported by probable cause. The authority to

---

[2] Mich. Comp. Laws § 764.2a defines the authority of a peace officer acting outside of his or her geographical jurisdictional boundaries.

[3] [T]he statute governing the issuance of search warrants does not limit the authority of the warrants territorially. *People v. Fiorillo*, 491 N.W.2d 281, 282 (Mich. Ct. App., 1992).

conduct a warrantless search of a vehicle incident to arrest, however, is limited.  *See Arizona v. Gant*, 556 U.S. 332 (2009).  Accordingly, at this stage of the proceedings, Plaintiff's allegation that Defendant Moore conducted a search of Plaintiff's vehicle without probable cause in violation of Plaintiff's Fourth Amendment rights suffices to state a claim.

### VI.     Use of Excessive Force During Arrest

"[A]ll claims that law enforcement officers have used excessive force . . . in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness standard . . . .'" *Graham v. Connor,* 490 U.S. 386, 395 (1989).  Here, Plaintiff alleges that Defendant Moore smashed Plaintiff's face on the floor three times when Plaintiff was not resisting arrest.  (Compl., ECF No. 1, PageID.2.)  Accepted as true, these allegations suffice to state a claim for violation of Plaintiff's Fourth Amendment rights.

### VII.    Wrongful Imprisonment

Plaintiff's claim that he is wrongfully imprisoned challenges the validity of his conviction and incarceration by the State of Michigan.  A challenge to the fact or duration of confinement should be brought as a petition for habeas corpus and is not the proper subject of a civil rights action brought pursuant to § 1983.  *See Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973) (the essence of habeas corpus is an attack by a person in custody upon the legality of that custody and the traditional function of the writ is to secure release from illegal custody).  Therefore, to the extent that Plaintiff's complaint challenges the fact or duration of his incarceration, it must be dismissed.

To the extent Plaintiff seeks injunctive, declaratory and monetary relief for alleged violations of Constitutional rights, his claim is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which held that "in order to recover damages for allegedly unconstitutional conviction

or imprisonment, *or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid,* a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *See Edwards v. Balisok*, 520 U.S. 641, 646 (1997) (emphasis in original). In *Heck*, the Supreme Court held that a state prisoner cannot make a cognizable claim under § 1983 for an allegedly unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless a prisoner shows that the conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-87 (footnote omitted). The holding in *Heck* has been extended to actions seeking injunctive or declaratory relief. *See Edwards*, 520 U.S. at 646-48 (declaratory relief); *Clarke v. Stalder*, 154 F.3d 186, 189-90 (5th Cir. 1998) (claim for injunctive relief intertwined with request for damages); *Wilson v. Kinkela*, No. 97-4035, 1998 WL 246401, at *1 (6th Cir. May 5, 1998) (injunctive relief). Plaintiff's allegations clearly call into question the validity of his conviction. Therefore, his action is barred under *Heck* until his criminal conviction has been invalidated and must be dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendants Ludeker, Bednar, Wilmer, Rathbun, Gessner, and Bradley will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendant Moore, but only with respect to Plaintiff's claims that Defendant Moore used excessive force when arresting Plaintiff and searched Plaintiff's vehicle without probable cause.

An order consistent with this opinion will be entered.


Dated: September 26, 2018 /s/ Janet T. Neff
                                                                              Janet T. Neff
                                                                              United States District Judge