UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BILLY JOE MULLINS #662854,

    Plaintiff,　　　　　　　　　　　　　　　　Hon. Janet T. Neff

v.　　　　　　　　　　　　　　　　　　　　　　Case No. 1:18-cv-681

TODD MOORE, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

    This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 13). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendant's motion be **granted** and this action **terminated**.

## BACKGROUND

    The following allegations are contained in Plaintiff's complaint. (ECF No. 1). On April 9, 2018, Plaintiff was present when members of the Hillsdale County Sheriff's Department conducted a search of a residence. While attempting to detain Plaintiff at the outset of the encounter, Lieutenant Todd Moore "smashed" Plaintiff's face on the floor three times. Moore also searched Plaintiff and his vehicle without probable cause. As a result of his conduct during this encounter, Plaintiff was charged with two counts of assaulting, resisting, or obstructing a law enforcement officer.

    Plaintiff initiated the present action against Lieutenant Moore and the other individuals involved in the search. Plaintiff alleged that Defendants searched his person and his vehicle without probable cause, used excessive force in effecting his arrest, and falsely charged him with assaulting,

-1-

resisting, or obstructing a law enforcement officer. Plaintiff also alleged that Defendants' actions were unlawful because when Defendants arrested him they were acting outside of Hillsdale County. On September 26, 2018, the Honorable Janet T. Neff dismissed all of Plaintiff's claims save Plaintiff's claims that Lieutenant Moore used excessive force when arresting him and searched his vehicle without probable cause. (ECF No. 7). Defendant Moore now moves for summary judgment.

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party moving for summary judgment can satisfy its burden by demonstrating "that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party demonstrates that "there is an absence of evidence to support the nonmoving party's case," the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006).

While the Court must view the evidence in the light most favorable to the non-moving party, the party opposing the summary judgment motion "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The existence of a mere "scintilla of evidence" in support of the non-moving party's position is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005). The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006).

Moreover, the non-moving party cannot defeat a properly supported motion for summary judgment by "simply arguing that it relies solely or in part upon credibility determinations." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353 (6th Cir. 2004). Rather, the non-moving party "must be able to point to some facts which may or will entitle him to judgment, or refute the proof of the moving party in some material portion, and. . .may not merely recite the incantation, 'Credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Id.* at 353-54. In sum, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). The Sixth Circuit has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561. Accordingly, summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

### I.      Use of Excessive Force

Plaintiff alleges that Defendant Moore used excessive force during the course of executing a search warrant. (ECF No. 14 at PageID.94-103, 121-22). The use of excessive force during the execution of a search warrant violates the Fourth Amendment. *See Binay v. Bettendorf*, 601 F.3d 640, 647 (6th Cir. 2010). To determine whether excessive force was deployed, the Court applies "the objective-reasonableness standard which depends on the facts and circumstances of each case viewed from the perspective of a reasonable officer on the scene and not with 20/20 hindsight." *Ibid.* This assessment must take into account that "police officers are often forced to make split-second judgments – in circumstances that are tense, uncertain, and rapidly evolving – about the amount of force that is necessary in a particular situation." *Ibid.* Some of the factors relevant to this assessment include: (1) the severity of the crime in question; (2) whether the individual poses an immediate threat to the safety of officers or others; and (3) whether the individual is actively resisting or attempting to flee. *Ibid.*

In support of his motion for summary judgment, Defendant has submitted various items of evidence: (1) excerpts from Plaintiff's deposition; (2) the search warrant pursuant to which the search in question was conducted; and (3) the transcript of Plaintiff's state court trial in which he was convicted of one count of assaulting, resisting, or obstructing a law enforcement officer. Defendant has also submitted a copy of an incident report regarding the events giving rise to this action. (ECF No. 14-5 at PageID.123-39). However, because this report constitutes hearsay for which Defendant has articulated no exception, the Court has disregarded this exhibit. *See, e.g., Alpert v. United States*, 481 F.3d 404, 409 (6th Cir. 2007) ("[E]vidence submitted in opposition to a motion for summary

judgment must be admissible. Hearsay evidence. . .must be disregarded"). Even when viewed in a light most favorable to Plaintiff, the evidence compels the conclusion that Defendant Moore is entitled to summary judgment.

      A.      Search Warrant

On April 9, 2018, the Honorable Sara S. Lisznyai, approved a warrant to search the residence located at 3606 E. Mosherville Road, located in Scipio Township in Hillsdale County. (ECF No. 14-4 at PageID.121-22). This warrant further authorized the search of all vehicles and individuals located at the residence at the time the search was executed. (*Id.*). This search warrant was authorized because officers had probable cause to believe that methamphetamines and other evidence of "the narcotics trade," including firearms, would be present at the location in question. (ECF No. 20 at PageID.287-91).

      B.      Wes Ludeker – Trial Testimony

As of April 9, 2018, Ludeker was employed as a Hillsdale County Sheriff's Deputy. (ECF No. 20 at PageID.287-91). Deputy Ludeker was part of the team of officers that served and executed the search warrant that day at 3606 E. Mosherville Road. (*Id.* at PageID.291-92). When searching locations where narcotics are suspected to be discovered, officers "often" encounter firearms and "aggressive" dogs. (*Id.* at PageID.289-91). Accordingly, officers attempt to approach the locations of such searches surreptitiously and then quickly detain all the individuals located therein to ensure that they neither possess nor have access to any weapons. (*Id.* at PageID.289-91). As officers approached the location in question, however, their presence was detected by a person inside the residence. (*Id.* at PageID.293-96). Immediately thereafter, Ludeker began hearing a dog "barking/growling." (*Id.* at PageID.295). Recognizing that the "safety" of his team "had been

compromised," Ludeker immediately announced, "Sheriff's Department search warrant" and then kicked in the door to the residence.   (*Id.* at PageID.296).

Immediately upon entering the residence, Ludeker observed Plaintiff standing nearby. (*Id.* at PageID.296-97).   Ludeker ordered Plaintiff "to get down on the ground so that he could be secured."   (*Id.* at PageID.297-99).   Plaintiff refused to comply with Ludeker's instructions, however. (*Id.* at PageID.297-99).   Ludeker thereafter repeated his instructions to Plaintiff at least five times, but still Plaintiff refused to comply.   (*Id.* at PageID.299-300).   At this point, Defendant Moore grabbed Plaintiff in the "front chest area" after which "he was able to place [Plaintiff] down onto the floor in the kitchen area."   (*Id.* at PageID.300).   After being placed on the ground, Plaintiff refused Moore's commands to place his arms behind his back and instead "was trying to get up off the ground." (*Id.* at PageID.300-01).   It took Defendant Moore approximately 30 seconds to subdue Plaintiff, at which point Moore handcuffed Plaintiff and placed him in a chair.   (*Id.* at PageID.301-02).   Plaintiff refused to sit still, however, and verbally berated officers and even "tried to stand up several times." (*Id.* at PageID.302).   When Deputy Ethan Bednar later attempted to escort Plaintiff from the residence, Plaintiff continued to resist by attempting to "jerk away" from Bednar's control.   (*Id.* at PageID.304-05).   The subsequent search of the residence revealed methamphetamine, firearms, and other illegal drugs.   (*Id.* at PageID.304).

C.   Defendant Todd Moore – Trial Testimony

As of April 9, 2018, Moore was employed as a Hillsdale County Sheriff's Deputy. (ECF No. 20 at PageID.311-13).   Moore was a member of the law enforcement team which executed a search warrant at 3606 E. Mosherville Road that day.   (*Id.* at PageID.313).   As the team approached the residence, Deputy Ludeker observed that the team had been observed by "somebody in the

window." (*Id.* at PageID.317). Ludeker responded by immediately yelling, "police, search warrant," and then kicking in the door to the residence. (*Id.* at PageID.317). Moore then entered the residence "right behind Deputy Ludeker." (*Id.* at PageID.317). Upon entering the residence, Moore observed Plaintiff, who he knew "from prior dealings that [law enforcement] have had" with Plaintiff. (*Id.* at PageID.317-20). Moore instructed Plaintiff to "get on the ground," but Plaintiff refused. (*Id.* at PageID.320-21). Moore responded to Plaintiff's intransigence by grabbing the front of Plaintiff's clothing and pulling him to the ground. (*Id.* at PageID.320-21). Once on the ground, Plaintiff continued to resist Moore's instructions to place his hands behind his back. (*Id.* at PageID.321). Specifically, Plaintiff kept attempting to get up off the ground. (*Id.* at PageID.321-22). After approximately 30 seconds, Moore obtained Plaintiff's compliance at which point he handcuffed Plaintiff and then placed him in a chair. (*Id.* at PageID.322-23). After being placed in a chair, Plaintiff began verbally berating the officers and attempting to get up out of the chair. (*Id.* at PageID.323-25).

        D.      Ethan Bednar – Trial Testimony

As of April 9, 2018, Bednar was employed as a Hillsdale County Sheriff's Deputy. (ECF No. 20 at PageID.333-35). Bednar was a member of the law enforcement team which executed a search warrant at 3606 E. Mosherville Road that afternoon. (*Id.* at PageID.333-35). After entering the residence, Bednar initially went upstairs to help secure the residence and detain anybody therein. (*Id.* at PageID.336-37). By the time Bednar returned to the first floor, Plaintiff was already handcuffed and sitting in a chair. (*Id.* at PageID.337). Bednar later escorted Plaintiff from the residence during which time Plaintiff repeatedly attempted to escape from Bednar's control. (*Id.* at PageID.338-39).

E.   Billy Mullins – Trial Testimony

On April 9, 2018, Plaintiff was inside the residence located at 3606 E. Mosherville Road. (ECF No. 20 at PageID.157-58). At some point, Plaintiff "heard a loud bang" after which police officers began entering the residence. (*Id.* at PageID.357-58). Plaintiff heard one of the officers instruct him to "stop, please, get down." (*Id.* at PageID.359). Plaintiff "started to get down on [his] knees," but before he could do so, Defendant Moore "grabbed [Plaintiff] up and physically forced [him] all the way down into the ground the rest of the way." (*Id.* at PageID.359). Plaintiff denied resisting Moore's instructions, but Plaintiff also did not testify that Moore "smashed" his face into the floor, as alleged in his complaint, or otherwise used force against him. (*Id.* at PageID.356-69).

F.   Billy Mullins – Deposition Testimony

Plaintiff acknowledged having "altercations" with Defendant Moore during the course of previous arrests. (ECF No. 14-2 at PageID.87). Plaintiff alleged that Defendant Moore "bounced [his] head off the floor," but Plaintiff further acknowledged that this was in response to his own attempts to "move [his] head up" off the floor. (*Id.* at PageID.87-88). Plaintiff conceded that after Defendant Moore handcuffed him and placed him in a chair, he was "cussing everybody out." (*Id.* at PageID.89). Plaintiff acknowledged that he suffered no injuries or even bleeding as a result of Defendant's alleged conduct. (*Id.* at PageID.88-89). Plaintiff further acknowledged that he neither sought treatment after the incident in question nor even reported Defendant Moore's alleged conduct to anybody. (*Id.* at PageID.90).

G. Analysis

As Deputy Ludeker testified, conducting searches where illegal drugs are expected to be located present certain dangers. In response, officers performing such searches attempt to quickly detain all the individuals within the area to be searched. While Plaintiff alleged that Defendant Moore "bounced" his head off the floor, Plaintiff conceded that Moore only did this in response to Plaintiff's attempts to resist Moore's lawful authority. Plaintiff also conceded that as a result of Defendant Moore's alleged conduct, he neither suffered injury nor required treatment. In sum, Plaintiff cannot establish that Defendant Moore employed excessive force during the encounter in question. Accordingly, the undersigned recommends that Defendant Moore's motion for summary judgment be granted as to this particular claim.

**II.        Search of Plaintiff's Vehicle**

Plaintiff alleges that Defendant Moore unlawfully searched his vehicle without probable cause in violation of his constitutional rights. Plaintiff's claim fails for two reasons. First, Plaintiff has presented no evidence that Defendant Moore searched his vehicle or in any way participated in the search of his vehicle. At his deposition, Plaintiff testified that Deputy Ludeker searched his vehicle. (ECF No. 14-2 at PageID.91). Moreover, as previously noted, the search warrant pursuant to which Defendant Moore acted expressly authorized the search of any vehicle located at the subject residence. Plaintiff has presented no evidence that his vehicle was not located at the location authorized in the search warrant. Plaintiff has likewise failed to present any evidence that the search warrant was invalid, unlawfully obtained, or otherwise did not constitute lawful authority to search his vehicle. Accordingly, the undersigned recommends that Defendant Moore's motion for summary judgment be granted as to this particular claim.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 13), be **granted** and this action **terminated**.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Dated: June 12, 2019        /s/ Ellen S. Carmody
ELLEN S. CARMODY
U.S. Magistrate Judge